**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

                                                                     Attorney for Plaintiff

## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| **SEAN MERENDINO,**<br>                      Plaintiff(s),<br>    -vs-<br><br>**STATE OF NEW JERSEY;**<br>**STATE TROOPER MICHAEL PANTALEON JR;**<br>**STATE TROOPER RYAN SUTEDJA;**<br>**COLONEL PATRICK CALLAHAN;**<br>**AND POLICE OFFICERS JOHN DOE #1-10**<br>Defendant(s) | **COMPLAINT AND JURY TRIAL DEMAND**<br><br>Docket No: 1:22-cv-5881 |

**NOW COMES** Plaintiff, **SEAN MERENDINO,** by and through his attorney, **DAVID R. CASTELLANI** of the **CASTELLANI LAW FIRM, LLC,** and for cause of action against the defendants, both jointly and severally, respectfully states as follows:

### INTRODUCTION

1. On or around December 31, 2020, at approximately 9:30 p.m., Plaintiff was violently assaulted by Defendants Sutedja, Panataleon Jr., Defendant Sutedja's K9 Butch, and Defendants John Doe #1-10. During the assault, Defendant Sutedja released his Police K9 (Butch) that he controlled on to the Plaintiff's body as the K9 bit the Plaintiff repeatedly without justification.

2. During the physical assault, Defendant Sutedja, and State of New Jersey police officer assigned to the New Jersey State Police as a State Trooper with a K9, arrived in his

vehicle, emerged from the vehicle with his canine and immediately released the vicious animal, ordering it to attack Plaintiff. Plaintiff was not resisting arrest and was completely subdued, laying down on grass. While the vicious animal mauled Plaintiff, Defendant Sutedja and other defendants watched and allowed the mauling of the Plaintiff to occur without provocation by Plaintiff or any justification. It is further alleged that the Defendants failed to warn Plaintiff prior to any release of the K9.

      3.      Plaintiff suffered life-threatening injuries as a result of Defendants unlawful and illegal acts and is likely to have a permanent disability from the vicious attack.

## PARTIES

      4.      Plaintiff Sean Merendino is an adult resident citizen of Mays Landing, Atlantic County, New Jersey.

      5.      Defendant State of New Jersey is a public entity and among its other functions operates and maintains a law enforcement agency known as the New Jersey State Police Department. State of New Jersey is under a duty to run its policing activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of New Jersey.

      6.      On information and belief, defendant State of New Jersey Police Officer Ryan Sutedja is an adult resident citizen of the State of New Jersey. At all times material hereto, defendant Sutedja was a member of the New Jersey State Police Department and was acting by virtue of his position as a law enforcement officer of the New Jersey State Police and under the color of state law. Defendant Sutedja is sued individually and in his official capacity as a member of the New Jersey State Police Department.

      7.      On information and belief, defendant State of New Jersey Police Officer Michael Pantaleon Jr. is an adult resident citizen of New Jersey. At all times material hereto, defendant Pantaleon Jr. was a member of the New Jersey State Police and was acting by virtue of his

position as a law enforcement officer of the New Jersey State Police and under the color of state law. Defendant Pantaleon Jr. is sued individually and in his official capacity as a member of the New Jersey State Police Department.

8. On information and belief Defendant Colonel Patrick Callahan is an adult resident citizen of New Jersey. At all times material hereto, defendant Callahan was a member of the New Jersey State Police and was acting by virtue of his position as a law enforcement officer and supervisor of the New Jersey State Police and under the color of state law. Defendant Callahan is sued individually and in his official capacity as a member of the New Jersey State Police Department.

9. On information and belief, defendants State of New Jersey Police Officers John Doe 1-10 are adult resident citizens of New Jersey. At all times material hereto, defendants John Doe #1-10 were members of the New Jersey State Police and were acting by virtue of their position as law enforcement officers of the New Jersey State Police and under the color of state law. Defendants John Doe #1-10 are sued individually and in their official capacity as members of the State of New Jersey's Police Department.

## JURISDICTION AND VENUE

10. Each and all acts of defendants, Sutedja, Pantaleon Jr., Callahan, and John Doe #1-10 were performed under the color and pretense of the constitutions, statutes and ordinances, regulations, customs, and usages of the United States of American and the State of New Jersey, and under the authority of their office as law enforcement officers for State of New Jersey.

11. The incidents which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of this Complaint.

12. Venue is proper in this venue pursuant to 28 U.S.C. § 1391, as all the defendants

are residents of this State and/or all the acts or omissions which give rise to this cause of action occurred within this State.

13. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein:

14. On December 31, 2020, at approximately 9:30 p.m., Plaintiff was riding in a golf cart while another male individual drove a golf cart on the side of the shoulder of State Highway 49 in Upper Township, New Jersey.

15. Sometime after, a police car turned their siren on behind the golf cart operated by the male driver and the male driver jumped out of the golf cart and ran while Plaintiff stayed seated in shock.

16. A few moments later, Plaintiff heard a gunshot and became frightened, so he laid down in a grassy area a short distance away from the golf cart.

17. State Trooper police officers then began to arrive and search the area for the other individual who fled from the golf cart.

18. Plaintiff, while laying down in a grassy area a short distance away from the golf cart, was attacked by a K9 dog deployed by defendant Sutedja who then allowed the K9 dog to continue to bite Plaintiff, causing severe and permanent injuries as plaintiff was in fear for his life. At no time was Plaintiff providing any resistance to the officers' commands.

19. Plaintiff then cooperated with the officers who directed him to a police car, even asking the State Troopers including Defendant Sutedja why they made a dog bite him

repeatedly when he did not provoke or not cooperate with any police officers' instructions.

20. At all times during the above-mentioned events, Plaintiff remained submissive in a non-threatening manner and without making any assessment of the situation, defendant Sutedja released the canine and ordered it to attack the completely subdued and helpless Plaintiff.

21. Plaintiff did not threaten the officers, nor did Plaintiff cause any disruption to any other individuals in any capacity. And at no point did the defendants attempt to conduct a proper and legal arrest of the Plaintiff. Rather, defendants unjustifiably engaged Plaintiff, who was merely laying down in the grass, with a K9 who attacked and bit into Plaintiff's flesh causing severe and permanent injuries.

22. The vicious dog mauled the Plaintiff's arm and as several of the defendant officers, including Defendant Sutedja allowed such to occur.

23. Rather than remove the deadly dog from Plaintiffs body, the defendant officers allowed the dog to continue to maul the Plaintiff.

24. After a period of time, the canine was eventually removed from Plaintiff's severely injured and openly wounded body.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS SUTEDJA, PANTALEON JR. CALLAHAN, AND JOHN DOE #1-10

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

25. Defendants Sutedja, Callahan, Pantaleon Jr., and John Doe #1-10 committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers for State of New Jersey, and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities, guaranteed to him as a citizen of the United States

in violation of 42 U.S.C. § 1983, the New Jersey Civil Rights Act NJSA 10:6-2, and deprived Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to:

    a.    freedom from unlawful search and seizure;

    b.    freedom from unlawful arrest and seizure of his person;

    c.    freedom from unreasonable, unjustified, and excessive force;

    d.    freedom from deprivation of liberty and property without due process of law;

    e.    freedom from summary punishment;

    f.    freedom from State created danger; and

    g.    freedom from arbitrary government activity which shocks the conscious of a civilized society.

26.    As a direct and proximate result of the acts and omissions of defendants Sutedja, Callahan, Pantaleon Jr., and John Doe #1-10, Plaintiffs constitutional rights were violated and Plaintiff was injured and sustained substantial injuries, including but not limited to permanent physical disabilities.

## COUNT II

### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST STATE OF NEW JERSEY

Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

27.    Defendant State of New Jersey and/or Colonel Patrick Callahan, superintendent, is under a duty to supervise the members of the New Jersey State Police and to ensure that the policing activities of the New Jersey State Police are run in a lawful manner preserving to the citizens of State of New Jersey the rights, privileges, and immunities guaranteed to them by the Constitutions of both the United States of America and the State of New Jersey.

28.    Defendant State of New Jersey and/or Colonel Patrick Callahan permitted,

encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and/or custom of its police officers, particularly defendants Sutedja, Pantaleon Jr., and John Doe #1-10 of violating the constitutional rights of the public at large, including the Plaintiff. In particular, the State of New Jersey and defendant Callahan had actual knowledge that defendants Sutedja, Pantaleon Jr., and John Doe #1-10 had a propensity to deprive the citizens of State of New Jersey of their constitutional rights and failed to take proper action to protect the citizens of State of New Jersey from defendants Sutedja, Pantaleon Jr., and John Doe #1-10.

29. The actions of defendants Sutedja and John Doe #1-10 were unjustified, unreasonable, unconstitutional, and deprived Plaintiff of his constitutional rights in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

30. Defendants State of New Jersey and Callahan are directly liable for Plaintiff's damages due to the following policy statements, ordinances, regulations, or decisions formally adopted and promulgated by the Government rule-makers, including defendant Callahan, which were in effect at the time of this incident and which were the underlying cause of Plaintiffs injuries:

    a. State of New Jersey, the New Jersey State Police, and defendant Callahan have formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed with Internal Affairs unit and favoring the statements of a police officers over the statements of a citizen complaining of police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the New Jersey State Police Department, thus

creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

    b.    State of New Jersey, the New Jersey State Police, and defendant Callahan have formally adopted a policy of allowing police officers to conduct arrests with the use of illegal and excessive force thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the New Jersey State Police Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

    c.    State of New Jersey, the New Jersey State Police, and defendant Callahan have formally adopted a policy of giving police officers with extensive histories of police misconduct vicious canines for use in their policing of the public thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the New Jersey State Police Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff.

    d.    State of New Jersey, the New Jersey State Police, and defendant Callahan have formally adopted a policy of using vicious canines to stop and bite individuals who are not resisting arrest or posing a threat to officers' safety or the public at large thus creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned, and ratified by the New Jersey State Police Department, and further creating an atmosphere of illegal and unconstitutional behavior, and with deliberate indifference, and reckless disregard of the welfare of the public at large, including Plaintiff.

    31.    Defendants State of New Jersey and Callahan are directly liable for the Plaintiffs damages due to the following policies, practices, or customs of the New Jersey State Police Department, which were in effect at the time of this incident, and which were the underlying

cause of the Plaintiffs' injuries:

        a.      State of New Jersey and the New Jersey State Police have a permanent and well-settled practice or custom of allowing police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) to employ excessive force, including deadly force, while effectuating arrests creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

        b.      State of New Jersey and the New Jersey State Police have a permanent and well-settled practice or custom of allowing police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) to use excessive force and/or unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

        c.      State of New Jersey and the New Jersey State Police have a permanent and well-settled practice allowing police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) to falsely arrest and charge civilians without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff;

        d.      State of New Jersey and the New Jersey State Police have a permanent and well-settled practice or custom allowing police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) to file false police reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff.

    e. State of New Jersey and the New Jersey State Police have a permanent and well-settled practice of failing to protect the Citizens of State of New Jersey from the unconstitutional actions of police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) by providing officers with extensive histories of civilian complaints alleging assault and excessive force with deadly canines to use in their policing activities and thereby creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of the public at large, including Plaintiff.

    f. State of New Jersey and the New Jersey State Police have a permanent and well-settled practice of failing to protect the Citizens of State of New Jersey from the unconstitutional actions of police officers (including Sutedja, and John Doe #1-10) by exonerating rogue police officers, by refusing to investigate civilian complaints, and by convincing civilians not to file formal complaints with the Internal Affairs Unit, and by creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large, including the Plaintiff.

    g. State of New Jersey and the New Jersey State Police have a permanent and well-settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding arrest procedures, the use of excessive physical force, the use of deadly force, and the misuse of the K-9 Units, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

    h. State of New Jersey and the New Jersey State Police have a permanent and well-settled practice of leaking the names of its citizens who have filed complaints regarding officer misconduct and allowing rogue officers to corrupt the Internal Affairs investigation by

promulgating false and fabricated evidence and by destroying evidence, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard to the welfare of the public at large, including Plaintiff.

32. Defendant State of New Jersey and/or Colonel Patrick Callahan are directly liable for Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring, which were in effect at the time of this incident and which were the underlying cause of the Plaintiffs injuries:

a. State of New Jersey, the State of New Jersey Police Department, and defendant Callahan failed to adequately train and supervise police officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) regarding proper arrest procedures and techniques; use of canines in policing activities; use of force; probable cause determinations; criminal investigations; and internal affairs procedures and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff;

b. State of New Jersey, the New Jersey State Police Department, and defendant Callahan failed to adequately monitor and evaluate the performance of its officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, internal affairs procedures, the use of physical force, use of canines in policing activities; arrest procedures; and criminal investigations in deliberate indifference to and reckless disregard of the public at large, including the Plaintiff;

c. State of New Jersey the New Jersey State Police Department, and defendant Callahan repeatedly and knowingly failed to properly discipline its officers (including Sutedja, Pantaleon Jr., and John Doe #1-10) with respect to violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of

force, use of canines in policing activities, probable cause determinations, internal affairs procedures, and arrest procedures creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the New Jersey State Police in deliberate indifference to and reckless disregard of the public at large, including the Plaintiff;

    d. State of New Jersey, the New Jersey State Police Department, and defendant Callahan allow their officers to engage in conduct that violates the constitutional rights of persons in custody, including Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to the welfare of the public, including Plaintiff; and

    e. State of New Jersey, the New Jersey State Police Department and defendant Callahan knew that "a code of silence" existed between and among their officers employed by State of New Jersey casinos whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to, properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the pubic, including the Plaintiff.

  33. Further, defendant State of New Jersey and defendant Callahan are liable for the actions of defendants Sutedja, Pantaleon Jr., and John Doe #1-10 under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New Jersey.

34. As a direct and proximate result of the foregoing policies, practices, and customs of the State of New Jersey and the New Jersey State Police Department, the violation of the constitutional rights of the citizens of State of New Jersey were substantially certain to occur.

35. As a direct and proximate result of the foregoing policies, practices, and customs of State of New Jersey and the New Jersey State Police Department, Plaintiff's constitutional rights were violated and Plaintiff was injured and damaged.

## COUNT III

### STATE LAW TORTS AGAINST DEFENDANTS SUTEDJA, PANTALEON JR., AND JOHN DOE #1-10

Plaintiff hereby incorporates, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

36. The acts, omissions and conduct of defendants Sutedja, Pantaleon Jr., and John Doe #1-10 constitute assault, battery, trespass, trespass to chattel, false arrest, false imprisonment, conspiracy, slander, negligent infliction of emotional distress and intentional infliction of emotional distress.

37. As a direct and proximate result of the aforementioned acts and omissions of defendants Sutedja, Pantaleon Jr., and John Doe #1-10. Plaintiff has been injured and damaged.

## COUNT IV

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

Plaintiff hereby incorporates, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

38. Defendants conspired to violate the civil rights of Plaintiff by targeting him for unwarranted violence; subjecting him to malicious prosecution; coordinating false stories and

reports against Plaintiff to incriminate him and rationalize violence and mistreatment toward Plaintiff; coordinating their stories and rationalizations so as to conceal the extent of the damage that Defendant perpetrated against Plaintiff.

## COUNT V

### PUNITIVE DAMAGES AGAINST DEFENDANTS SUTEDJA, PANTALEON JR., CALLAHAN, AND JOHN DOE #1-10

Plaintiff hereby incorporates, in its entirety, each and every paragraph of this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

39. The actions and/or omissions of defendants Sutedja, Pantaleon Jr., Callahan, and John Doe #1-10 complained of herein were unlawful, conscience shocking, and unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against defendants.

## DAMAGES

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

40. As a direct and proximate result of the aforementioned actions and omissions of the defendants, Plaintiffs was injured and damaged. The damages for which Plaintiff seeks compensation from the defendants, both jointly and severally, include, but are not limited to, the following:

    a.    emotional pain and suffering of a past, present, and future nature;

    b.    loss of enjoyment of life of a past, present, and future nature;

    c.    fright, fear, aggravation, humiliation, anxiety, and emotional distress of a past, present, and future nature as a result of the injuries sustained as a

       result of the illegal actions of defendants Sutedja, Pantaleon Jr. and John Doe #1-10;

d.   loss of earning capacity;

e.   attorney's fees pursuant to 42 U.S.C. § 1988;

f.   punitive damages against applicable defendants;

g.   pre-and post-judgment interest;

h.   declaratory judgment and injunctive relief holding that the policies, practices or customs of defendants, complained of herein are illegal and unconstitutional; and

i.   all such relief, both general and specific, to which Plaintiff may be entitled to under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues defendants Sutedja, Pantaleon Jr., Callahan, and John Doe #1-10 for punitive damages in an amount solely to be determined by a jury

as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

   41.  **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

                  Respectfully submitted,

Date: October 5, 2022        **David R. Castellani**
                   **CASTELLANI LAW FIRM, LLC**

                  By: *s/ David R. Castellani*