**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SEAN MERENDINO,<br><br>              Plaintiff,<br><br>     v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>              Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-5881 (KMW-EAP)<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

**THIS MATTER** comes before the Court by way of the Motion for Reconsideration ("Motion") filed by Plaintiff Sean Merendino (ECF No. 20), the opposition of Defendants Michael Pantaleon, Jr. ("Pantaleon") and Ryan Sutedja ("Sutedja")[1] (collectively, the "Defendants") (ECF No. 22), and Plaintiff's reply to same (ECF No. 24); and the Court having read the submissions and heard the arguments of counsel during oral argument on the Motion held on March 13, 2024; and the Court noting the appearances of counsel: David R. Castellani, Esq., appearing on behalf of Plaintiff, and Marvin L. Freeman, Esq., appearing on behalf of Defendants; and

**THE COURT NOTING** that Plaintiff argues he is entitled to reconsideration to prevent a manifest injustice. *See* L. Civ. R. 7.1(i) (stating a party may seek reconsideration by the court of matters "which [it] believes the Judge has overlooked" when it ruled on the initial motion); *see also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (stating a proper motion for reconsideration must rely on "(1) an intervening change in controlling law; (2) the availability of

---

[1] For clarity, the Court notes that Plaintiff initially filed his Complaint against the State of New Jersey (the "State"), Pantaleon, Sutedja, and Patrick Callahan ("Callahan"). (ECF No. 1) Following the Parties' oral argument on July 11, 2023, some of Plaintiff's initial claims were dismissed and the Court granted leave for Plaintiff to file an amended complaint, with Pantaleon and Sutedja as the remaining defendants in the instant action. (ECF Nos. 16, 23)

new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice"). "To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *D'Argenzio v. Bank of America Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); and

**THE COURT NOTING** that Plaintiff filed the instant Motion in response to this Court's July 11, 2023 Order dismissing with prejudice Count 1 of the original Complaint against Defendants Sutedja, Pantaleon, and Patrick Callahan ("Callahan") (ECF No. 16) following stipulation of the same by David C. Castellani, Esq. during the July 11, 2023 oral argument before this Court on the Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 10); and

**THE COURT NOTING** that David C. Castellani, Esq. entered an appearance on behalf of Plaintiff during the oral argument but was not counsel of record; and

**THE COURT FINDING** that Plaintiff has failed to establish that reconsideration of this Court's July 11, 2023 Order is warranted. Nonetheless, in the interest of justice, and in recognition of this Court's obligation to address the instant action based on its merits, the Court permits the claims as alleged in Count 1 of the original Complaint against Defendants Sutedja, Pantaleon, and Callahan in their individual capacities to proceed. Consequently, for these reasons, the reasons set forth on the record, and for good cause shown;

**IT IS** this ⌒ day of **March, 2024** hereby,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 20) is **DISMISSED;** and it is further

2

**ORDERED** that the Court's July 11, 2023 Order (ECF No. 16) is **VACATED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 23) is **DISMISSED**; and it is further

**ORDERED** that Defendants' Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Count 1 of the Complaint alleging federal constitutional violations against Defendants Sutedja, Pantaleon, and Callahan in their official capacities is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Count 2 of the Complaint alleging federal constitutional violations against the State is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Count 5 of the Complaint seeking punitive damages against Defendants Sutedja, Pantaleon, and Callahan is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Count 1 of the Complaint alleging federal constitutional violations against Defendants Sutedja, Pantaleon, and Callahan in their individual capacities **MAY PROCEED** in the instant action; and it is further

**ORDERED** that Count 3 of the Complaint alleging state law tort claims against Defendants Sutedja and Pantaleon is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Count 4 of the Complaint alleging conspiracy to violate civil rights is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall file an amended pleading on or before **April 15, 2024**; and it is further

**ORDERED** that Plaintiff's Request for Clerk's Entry of Default Judgment (ECF No. 28) is **WITHDRAWN**; and it is further

**ORDERED** that the Clerk of Court shall indicate on the docket that this matter is no longer stayed.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

4